T.C. Memo. 2010-204

UNITED STATES TAX COURT

DEBRA L. WEEKES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14398-05.                    Filed September 16, 2010.

Debra L. Weekes, pro se.

<u>Joel D. McMahan</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  Respondent determined a deficiency of
$4,733 with respect to petitioner's 2003 Federal income tax.  By
amended answer, respondent increased the deficiency to $14,276.
After respondent's concessions, the remaining deficiency is
$8,203.  The only issue for decision is whether, taking into
account respondent's concessions, petitioner's tax liability is

substantially the amount reported on her unsigned 2003 Federal income tax return.

All Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

The Court has deemed stipulated certain facts, and those facts, with accompanying exhibits, are incorporated herein by this reference. At the time that the petition was filed, petitioner lived in Florida.

Petitioner submitted to respondent an unsigned and undated 2003 Form 1040, U.S. Individual Income Tax Return, which showed, among other things, the following items of income: $43,447 of wages, salaries, and tips; $2,952 of taxable interest; and $7,496 of distributions from pensions and annuities. Petitioner claimed a standard deduction and reported a $2,089 penalty on early pension and annuity distributions. As a result, her Form 1040 showed a $9,543 tax liability for 2003.[1]

We are unclear as to what petitioner objects to, since the deficiency principally arises from what she reported on her unsigned and undated tax return. There is no question as to the taxability of petitioner's items of income; petitioner agrees that she submitted a Form 1040 for 2003 and neither challenges

---

[1]Respondent assessed petitioner's tax liability upon receiving her Form 1040, later abating the liability as it was reported on an unsigned Federal income tax return.

the items of income nor argues that she is entitled to more than a standard deduction. Respondent has conceded $1,340 of the reported $9,543 tax liability because of petitioner's mathematical error when calculating the penalty amount on her tax return. On the basis of that return and respondent's concessions, we determine that petitioner's 2003 Federal income tax deficiency is $8,203.

The record is unclear as to what amounts petitioner has already paid towards her 2003 tax liability; indeed, it may be that petitioner owes nothing. However, our authority is only to redetermine the deficiency with respect to petitioner's 2003 Federal income tax. While it appears to us that that deficiency is $8,203, respondent represents that a calculation is necessary pursuant to Rule 155, which provides for the parties to compute the correct amount to be included in the Court's decision. On the basis of respondent's representation,

Decision will be entered under Rule 155.